UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION                                    MDL No. 2543

TRANSFER ORDER

**Before the Panel:** *Pro se* plaintiffs in this District of Rhode Island action (*Pino*) move under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2543. Defendant General Motors LLC (General Motors) opposes the motion.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2543, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2543 involve factual questions arising from an alleged defect in certain General Motors vehicles that causes the vehicle's ignition switch to move unintentionally from the "run" position to the "accessory" or "off" position. *See In re: General Motors LLC Ignition Switch Litig.*, 26 F. Supp. 3d 1390, 1391 (J.P.M.L. 2014). The *Pino* plaintiffs allege that after the dealership[1] purported to repair their vehicle in accordance with the General Motors recall of the ignition switch defect, the vehicle experienced several shut down events attributable to the ignition switch defect that plaintiffs were required to pay for. Plaintiffs allege that General Motors and the dealership conspired to use an inadequate fix for the ignition switch defect and to misrepresent the cause of the vehicle shut downs.

Plaintiffs argue that their claims against General Motors and the dealership rest on activity between those specific defendants and false representations made only to plaintiffs. Plaintiffs also argue that they bring unique Massachusetts state law claims against the dealership. We find these arguments unpersuasive. There are a number of actions pending in MDL No. 2543 that bring similar allegations and state law claims against specific dealerships. Many of the MDL No. 2543 actions also allege, like *Pino*, that the purported fix made to General Motors vehicles was inadequate, and General Motors was aware that it would be insufficient. Finally, the *Pino* complaint, like many complaints in MDL No. 2543, includes allegations that General Motors was aware of and concealed the ignition switch defect. While there will be some case-specific factual issues regarding the alleged collusion between General Motors and the dealership and defendants' representations to plaintiffs, complex discovery regarding when General Motors knew of the ignition switch defect, and the fix General Motors made to the ignition switch and its effectiveness will be at issue in MDL No. 2543 and *Pino*. Morever, the Panel has held that Section 1407 transfer "does not require a

---

[1] Defendant Mastria Buick, GMC & Cadillac, Inc.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
        Deputy Clerk

-2-

complete identity or even majority of common factual issues." *In re: Nat'l Sec. Agency Telecomm. Records Litig.*, 444 F. Supp. 2d 1332, 1334 (J.P.M.L. 2006).

We also are not persuaded by plaintiffs' argument that transfer will cause them substantial inconvenience. *See In re: Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) (finding that, while transfer of a particular action might inconvenience some parties to that action, transfer often is necessary to further the expeditious resolution of the litigation taken as a whole). Though plaintiffs are proceeding *pro se*, Ms. Pino is a retired attorney, and while they characterize themselves as "functionally computer illiterate," their claim for damages includes the purchase of an updated computer. In any event, there are a number of *pro se* plaintiffs in MDL No. 2543, and the transferee judge has been mindful of making the proceedings accessible to these individuals.

IT IS THEREFORE ORDERED that this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jesse M. Furman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell            Charles R. Breyer
Lewis A. Kaplan                Ellen Segal Huvelle
R. David Proctor               Catherine D. Perry

IN RE: GENERAL MOTORS LLC
IGNITION SWITCH LITIGATION

MDL No. 2543

## SCHEDULE A

District of Rhode Island

PINO v. GENERAL MOTORS LLC, ET AL., C.A. No. 1:16-00285